UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JASON LA MONS, et al.**                                                  **CIVIL ACTION**

**VERSUS**                                                                         **NO. 21-247-SDD-SDJ**

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

---

## ORDER

Before the Court are two Motions: (1) a Motion to Depose Prelitigation Attorney (R. Doc. 9), filed by Plaintiffs on February 24, 2022; and (2) a Motion for Attorney Discovery/Contradictory Hearing (R. Doc. 10), filed by Defendant on February 25, 2022. Defendant's Motion is opposed (R. Doc. 13). Oral argument on both Motions was held on May 16, 2022. For the reasons given below, both of these Motions are **denied**.

**I.      Background**

This case arises from a motor vehicle accident that occurred on April 23, 2019.[1] Plaintiff Jason La Mons and his daughter were both injured in the accident.[2] Progressive Insurance Company provided liability insurance for the at-fault driver in the accident and tendered the limits of that policy based upon the personal injury claims of the people injured in the accident.[3] Defendant Government Employees Insurance Company ("GEICO") provided underinsured motorist ("UM") coverage "to which the plaintiffs claim entitlement to."[4] GEICO also issued

---

[1] R. Doc. 1-2 at 3.
[2] *Id.* at 3-4.
[3] *Id.* at 4.
[4] *Id.*

Plaintiffs a second, "excess underinsured motorist policy … with a single limit of $1,000,000.00."[5] Plaintiffs filed suit against GEICO to recover payment under this policy.

## II.     Applicable Law

In their Motions, both Parties claim that Louisiana Code of Evidence article 508, which establishes limitations on deposing attorneys, governs whether the requested attorney depositions are permissible. However, "[f]ederal courts apply state substantive law when adjudicating diversity jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Walk Haydel & Assocs., Inc. v. Coastal Power & Prod. Co.*, No. 05-1618 c/w 06-911, 2008 WL 11351634, at *5 (E.D. La. Dec. 30, 2008) (citing *Tex. Indus., Inc. v. Factory Mut. Ins. Co.*, 486 F.3d 844, 846 (5th Cir. 2007)). As established by this Court, "courts should only allow an opponent's counsel to be deposed in limited circumstances—i.e., where the party seeking the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Hall v. La.*, No. 12-657, 2014 WL 1652791, at *4 (M.D. La. Apr. 23, 2014). (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal quotations omitted)). Analyzing Article 508 in this context, this Court determined:

> [E]ven though article 508 is not controlling, the Court notes that article 508 and the federal common law essentially employ the same substantive analysis in considering whether to allow the deposition of opposing counsel. *Compare* La. C. Evid. art. 508 (considering whether the information sought is (a) essential to the case, (b) not intended to harm or harass, (c) narrowly tailored and (d) not available from any other source), *with* Fed. R. Civ. P. 26(b), (g) (discovery requests may not be overly broad or intended to harass), *and Shelton* [*v. Am. Motors Corp.*], 805 F.2d [1323,] 1327 [8th Cir. 1986] (considering, among other things, whether the information is "crucial" and may be obtained by any other means).

---

[5] R. Doc. 9 at 2.

*Id.* at *4 n.4.  Applying similar analysis, courts have found that Article 508 applies in diversity cases under Louisiana law in the context of the deposition of an attorney.  *Frazier v. Runnels*, No. 18-2340, 2019 WL 398930, at *3 (E.D. La. Jan. 31, 2019); *see also Keybank Nat'l Assoc. v. Perkins Rowe Assocs., LLC*, No. 09-497, 2010 WL 1252328, at * (M.D. La. Mar. 24, 2010) ("in a civil action where the state law supplies the rule of decision, the privilege of a witness to withhold information shall be determined in accordance with state law"); *Util. Constructors, Inc. v. Perez*, No. 15-4675, 2016 WL 4429935, at *2 (E.D. LA. Aug. 22, 2016) (finding "Article 508 applies to this diversity case under Fed. R. Evid. 501").

> As mandated by Article 508:
>
> Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; and **all of the following**:
>
> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
>
> (2) The purpose of seeking the information is not to harass the attorney or his client.
>
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
>
> (4) There is no practicable alternative means of obtaining the information.

La. C.E. 508(A) (emphasis added).  However, to be clear, while not prohibited, "generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances."  *Walk Haydel & Assocs., Inc.*, 2008 WL 11351634, at *5 (modification and citation omitted); *Jones v. Cannizzaro*, No. 18-503, 2019

WL 1382301, at *1 (E.D. La. Mar. 27, 2019) (citing *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999)).

### III.  Motion to Depose Prelitigation Attorney

In their Motion to Depose Prelitigation Attorney, Plaintiffs seek to depose Russell Potter, an attorney who represented GEICO in prelitigation matters related to Plaintiffs' claims against their UM policy.  Per Plaintiffs, "[b]efore the limits of the primary GEICO policy of [UM] coverage were tendered and before litigation was instituted, GEICO, through its representative Mr. Russell Potter, began communications with the insured wherein GEICO, through its representative Mr. Potter, made certain representations about policy provisions and insurance coverages that [Plaintiffs] contend are misleading, and a violation of LSA-R.S. 22:1973 and LSA-R.S. 22:1892."[6] Plaintiffs, therefore, sought to depose Potter "relative to [their] allegations of bad faith," which request GEICO denied.[7]  The protection afforded by Article 508 applies not only to counsel of record, but also to former counsel. *Walk Haydel & Assocs., Inc.*, 2008 WL 11351634, at *6.  It is clear to the Court from correspondence produced by Plaintiffs in support of their Motion that Potter was acting on behalf of GEICO for the claim made by Plaintiffs against their insurance policy, prior to the instant litigation being filed.[8]  Thus, the question before the Court is whether Plaintiffs are entitled to depose Potter.

As argued by Plaintiffs, Potter "made affirmative misrepresentations about pertinent facts and coverage issues, " and only he "can explain the basis for those misrepresentations."[9]  Plaintiffs' counsel further argued during the May 16, 2022 hearing that some of the representations made by

---

[6] R. Doc. 9 at 2.
[7] *Id.* at 4.
[8] *See, e.g.,* R. Doc. 9-8 at 1 (In a March 18, 2020 letter to Plaintiffs' counsel, Potter writes: "If I have not already spoken to you, this is to advise that this office [is] representing Geico in the above captioned claim.").
[9] R. Doc. 9-1 at 2.

Potter to Plaintiffs' counsel did not comport with the provisions of the initial UM policy and that counsel needs to know if Potter's position and representations are those of GEICO. Per Plaintiffs, Potter is the only person who "can provide testimony as to the misrepresentations GEICO was making prelitigation" and "is essential for the Plaintiffs to prove up their arbitrary and capricious bad faith claim against GEICO."[10]

Despite these assertions by Plaintiffs, they cannot meet the requirements of Article 508 or the *Hall/Shelton* factors and, therefore, are not entitled to depose Potter. Article 508 mandates that the subpoena a party seeks to issue must list the information sought with particularity, must be reasonably limited as to subject matter and period of time, and must give timely notice. Here, however, Plaintiffs have not submitted or even proposed to the Court a subpoena for the deposition of Potter. Thus, the Court cannot make a determination whether it meets the particularity, reasonableness, and timely notice requirements of Article 508 because no subpoena exists. *See, e.g., Jones*, 2019 WL 1382301, at *1 (notice of deposition and subpoena to depose defense counsel served on defendant prior to Art. 508 analysis); *Util. Constructors, Inc.*, 2016 WL 4429935, at *1 (providing proposed subpoenas with motion seeking contradictory hearing and leave to issue subpoenas pursuant to Art. 508); *Walk Haydel & Assocs., Inc.*, 2008 WL 11351634, at *5 (subpoena notice issued).

While the failure to produce a subpoena alone is fatal to Plaintiffs' Motion, the Court finds that Plaintiffs also have failed to show that there is no practicable alternative means of obtaining the information. As attachments to their Motion, Plaintiffs provide copies of the relevant insurance policies, as well as all correspondence between Potter and Plaintiffs' counsel, wherein Potter makes the alleged misrepresentations and Plaintiffs' counsel responds thereto. Moreover,

---

[10] *Id.* at 4-5.

testimony from a GEICO representative, e.g., Angela Googe, the GEICO adjuster who worked on this claim, would provide information as to the source of the representations made to Plaintiffs' counsel.[11] As such, the Court finds that Plaintiffs have a practicable alternative means of obtaining the information they seek and, therefore, cannot show that deposing Potter is crucial to their case. Having failed to satisfy all Article 508 and *Hall/Shelton* requirements, Plaintiffs are not entitled to depose Potter.

In addition to seeking leave to depose GEICO's prelitigation attorney, Plaintiffs also request that, per Article 508, "a contradictory hearing be had before this Court allows the issuance of a subpoena and deposition of a lawyer."[12] The Court held such a hearing on May 16, 2022.[13] As such, this request by Plaintiffs is denied as it is moot. *See, e.g. Frazier*, 2019 WL 398930, at *3 ("To the extent a contradictory hearing is required, the present motion practice and oral argument satisfies that requirement.").

Finally, the Court notes that, in this Motion, Plaintiffs also request that the fact discovery deadline be extended. Plaintiffs seek said extension to allow for "the issuance of a subpoena and deposition for Mr. Potter."[14] As the Court is denying this Motion, the relief requested is no longer needed. Moreover, after this Motion was filed, GEICO filed a separate consent motion seeking an extension of the fact discovery deadline (R. Doc. 11), which this Court granted on March 8, 2022 (R. Doc. 12). As such, the relief requested by Plaintiffs has already been granted. The Court, therefore, denies this request as it also is moot.

---

[11] *See, e.g.,* R. Doc. 9-8 indicating Angela Googe being copied on correspondence between Potter and Plaintiffs' counsel.
[12] R. Doc. 9-1 at 5.
[13] *See* R. Doc. 17.
[14] R. Doc. 9-1 at 5.

**IV.    Motion for Attorney Discovery/Contradictory Hearing**

In response to Plaintiffs' Motion to Depose Prelitigation Attorney, GEICO filed a Motion for Attorney Discovery/Contradictory Hearing, in which it seeks to depose Plaintiffs' counsel, Christopher Whittington.  Per GEICO, all communications by Potter regarding Plaintiffs' obligations under the UM policies were with Plaintiffs' counsel; there were no direct communications with Plaintiffs.[15]  "Thus, as to whether there was any actual misrepresentation, and whether there was any damage suffered by the Plaintiffs because of the alleged misrepresentation, depends on Plaintiff's counsel's understanding of his communications with Defendant's counsel as well as between the Plaintiffs and their counsel."[16]  GEICO, therefore, seeks leave "to direct written discovery to Plaintiffs and their counsel, as well as obtain his deposition (and to further depose the Plaintiffs) regarding these matters."[17]  This request, however, is denied for the following reasons.

As with Plaintiffs' Motion, GEICO's Motion, which also fails to include a proposed subpoena setting forth the information to be sought during the deposition of Plaintiffs' counsel, fails to meet all requirements of Article 508.  Moreover, as explained by defense counsel during the May 16, 2022 hearing, this Motion is a "me too" motion, such that if Plaintiffs' Motion is denied, then counsel does not think this Motion is necessary.  As Plaintiffs' Motion is being denied, this follow-on Motion is denied as well.  GEICO's request for a contradictory hearing on this Motion, which, as explained above, has already been held, is denied as it is moot.

---

[15] R. Doc. 10 at 2.
[16] *Id.*
[17] *Id.*

V.     **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Depose Prelitigation Attorney (R. Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorney Discovery/Contradictory Hearing (R. Doc. 10) is **DENIED.**

Signed in Baton Rouge, Louisiana, on July 6, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**